| | | |
|---|---|---|
| MIGUEL ZELAYA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

Petitioner Miguel Zelaya ("Petitioner") is a member of the street gang La Mara Salvatrucha, or MS-13. United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018). MS-13, formed in the 1980s by Salvadoran immigrants to Los Angeles for protection against rival street gangs, "has grown into a violent organization with active 'cliques,' or local chapters with varying levels of autonomy, operating throughout the United States and several Central American countries." Id. at 924. "MS-13 cliques may extort local businesses or drug dealers, participate in international narcotics trafficking, and remit funds to gang leadership in El Salvador." Id. Petitioner was a member of an MS-13 clique in or around Charlotte, North Carolina. Id. He became interested in MS-13 at a young age. Id. He held himself out to MS-13 leaders in Charlotte

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00671-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00121-RJC-DSC-37.

as a fully initiated member of the gang.  He engaged in bar fights with rival gangs with MS-13 associates.  Id.  On December 18, 2013, at the age of 19, Petitioner shot and killed Jose Ibarra outside a bar because he believed that Ibarra threatened a friend.  Id.  Ballistics evidence connected Petitioner to the shooting, and he confessed to police after waiving his Miranda rights.  In his confession, he accurately described the murder scene.  Id.  While he was imprisoned, but before trial, Petitioner bragged to another MS-13 member about the killing.  Id.

On May 19, 2015, a federal grand jury indicted Petitioner and three dozen other MS-13 members.  [CR Doc. 3: Bill of Indictment].  Petitioner was charged with one count of RICO (Racketeer Influenced Corrupt Organization) conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and 2 (Count Two); and one count of use and possession of a firearm in further of a crime of violence resulting in the death of Jose Ibarra in violation of 18 U.S.C. § 924(c) and 924(j)(1) (Count Three). [Id. at 3-34].  Together with only three of thirty-six co-defendants, Petitioner proceeded to a jury trial on all three counts after pleading not guilty.  Zelaya, 908 F.3d at 925.  Before trial, two co-Defendants unsuccessfully moved for severance because, unlike Petitioner and the other remaining co-Defendant, their charges did not involve murder.  Id.  The jury convicted Petitioner on all counts.  [CR Doc. 826: Jury Verdict].

Petitioner was sentenced to a term of imprisonment of 240 months on Count One, a term of life on Count Two to run concurrently with the term of Count One, and another term of life on Count Three to run consecutively to any other term of imprisonment.[2]  [CR Doc. 1082 at 2]. Through counsel, Petitioner appealed his conviction.  On appeal, represented by counsel, Petitioner

---

[2] The terms on Counts One and Two also run concurrently with the sentence imposed in Criminal Case No. 3:14-cr-00015, in which Petitioner pleaded guilty to four counts under 18 U.S.C. § 1951 and one count under 18 U.S.C. §§ 924(c) and 2 and was sentenced to a total term of imprisonment of 154 months.  [Case No. 3:14-cr-15, Doc. 81: Judgment].

challenged the Court's denial of his Rule 29 motion for acquittal and argued that there was insufficient evidence to support his RICO conviction and his VICAR conviction (and therefore his § 924(c) conviction predicated on the VICAR offense). Zelaya, 908 F.3d at 925-27. On November 14, 2018, the Fourth Circuit affirmed. Id. at 931. Petitioner did not petition the Supreme Court for writ of certiorari.

On December 16, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255 and a motion for summary judgment.[3] [CV Docs. 1, 2]. Petitioner failed to indicate when he placed his motion to vacate in the prison mailing system. [See id. at 12]. Petitioner's motion to vacate, however, was signed and post-marked December 13, 2021. [Id.; Doc. 1-3]. In his motion to vacate, Petitioner argues four grounds for relief: (1) his Miranda rights were "visibly violated" because he "had no appreciation or understanding of the necessary protocol;" (2) "[a] severance motion was mandatory" because Petitioner "was the last name on a list of co-conspirators totaling 37 and was the youngest by far, at 19;" (3) Petitioner was never offered a plea agreement, which Petitioner believes is a "constitutional allowance;" and (4) Petitioner should have been prosecuted as a juvenile because of the difference in his "mental age" and "chronological age." [CV Doc. 1 at 5-7, 9]. In his motion, Petitioner also asserts that his counsel was ineffective for not defending Petitioner's claim of actual innocence and that a "coerced confession" and his actual innocence negate a finding of procedural default "for not presenting content herein at an earlier time." [See id. at 10].

Petitioner tacitly acknowledges that his motion to vacate is untimely and argues that equitable tolling should apply. [Doc. 1 at 12; Doc. 1-1 at 1-4]. As grounds for equitable tolling,

---

[3] In his motion for summary judgment, Petitioner briefly recounts the grounds for relief in his motion to vacate and argues that no material facts remain in dispute and that summary judgment is appropriate. [CV Doc. 2].

Petitioner claims, incorrectly, that he "did nothing in appeal" because of his own ignorance and "misguidance by his ineffective and unqualified counsel of record." [CV Doc. 1-1 at 1]. Petitioner argues that, while the Court advised Petitioner of his right to appeal, his attorney assured Petitioner that "there was nothing to challenge on the merits." [Id. at 2]. Petitioner now claims he is entitled to equitable tolling because he is "mentally handicapped," he was coerced into confessing by an overzealous prosecutor, he is being denied the equal protection of the laws because of his Honduran heritage, there was a fatal variance in the indictment, and he was never afforded "his constitutional right to a plea agreement." [Id. at 2-3].

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year

statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction here became final for purposes of Section 2255(f) on February 12, 2019, when the 90-day period to file a petition for writ of certiorari expired.  See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Sup. Ct. R. 13(1).  Petitioner, however, did not file the instant motion to vacate until December 16, 2021, almost three years after his conviction became final.  Petitioner's motion, therefore, is untimely and barred by the AEDPA.

Moreover, Petitioner has not stated adequate grounds for the application of equitable tolling.  To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)).  A petitioner must show he has been "pursuing his rights diligently."  Holland v.

Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner has not satisfied these rigorous standards. In support of application of equitable tolling, Petitioner presents only grounds for the underlying Section 2255 motion that are meritless and/or have been procedurally defaulted for his failure to raise them on appeal.[4] Contrary to Petitioner's claim, he did appeal his conviction. His attorney aptly raised the most viable grounds on appeal and the Fourth Circuit found them unconvincing and affirmed his conviction. As such, Petitioner fails now to show extraordinary circumstances, beyond his control or external to his own conduct, that prevented him from filing on time. See Sosa, 364 F.3d at 512. Petitioner also fails to demonstrate that he has been diligently pursuing his rights in any way.

Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review and deny Petitioner's motion for summary judgment.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

---

[4] The Court also notes that there is no constitutional right to a plea agreement. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) (recognizing "there is no constitutional right to plea bargain").

6

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: January 11, 2022

Robert J. Conrad, Jr.
United States District Judge

7